IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHELLI L. CONDOS,<br><br>           Plaintiff,<br><br>vs.<br><br>REBECCA HARLING, LIZ KURZ, and SHANNON EBEL,<br><br>           Defendants. | 8:22CV292<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Shelli L. Condos filed a Complaint on August 12, 2022. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues Rebecca Harling ("Harling"), a county attorney in North Platte, Nebraska, and two caseworkers with the Nebraska Department of Health and Human Services ("NDHHS"), Shannon Ebel ("Ebel") and Liz Kurz ("Kurz"), for alleged due process violations. Plaintiff's alleged injuries arise out of the placement of Plaintiff's grandchildren into state custody when "the courts wrongfully took [her] grandchildren without explaining why they took them" and without allowing Plaintiff "to be heard at the right time or right place." Filing No. 1 at 4. Plaintiff alleges Ebel "took [Plaintiff's] grandson and granddaughter April 1st 2022 [and] did not give a clear reason on why . . . the children were taken." Id. Harling "went back into [Plaintiff's] background without [her] permission and signed the orders for [her] grandkids to be removed from old reports from Colorado." Id. Kurz "has continuously rejected [Plaintiff] for careing [sic]

for [her] grandkids," and Plaintiff is allowed only one visit every other week with her grandchildren. *Id.*

As relief, Plaintiff seeks $100,000 in damages and asks for placement of her grandchildren "back with their mom and dad" or with Plaintiff or, at least, that Plaintiff be granted more visitation. *Id.* at 6.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally

construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons discussed below, the Court finds that Plaintiff's Complaint must be dismissed.

### A. Official Capacity Claims

Because Plaintiff does not specify in what capacity any of the Defendants are being sued, the Court must assume they are sued in their official capacity. See Alexander v. Hedback, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999)). Plaintiff's claims against Defendants in their official capacities are construed as claims against their respective public employers. Johnson, 172 F.3d at 535 ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

### 1. *Harling*

Plaintiff alleges Harling is the County Attorney in Lincoln County, Nebraska. Filing No. 1 at 2. Therefore, any official capacity claims against Harling are construed as claims against Lincoln County.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of a plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Here, Plaintiff does not allege any policy or custom of Lincoln County caused her injuries. *See* Filing No. 1. As such, Plaintiff has failed to allege a plausible claim for relief against Harling in her official capacity and any official capacity claims against Harling must be dismissed.

### 2. *Ebel and Kurz*

Plaintiff alleges Ebel and Kurz are employed by the NDHHS, a state agency. Filing No. 1 at 2. Thus, Plaintiff's claims against Ebel and Kurz in their official capacities are functionally claims against the State of Nebraska. *See Cox v. Ebel*, No. 8:22CV249, 2023 WL 1822297, at *3 (D. Neb. Feb. 8, 2023) (claims against NDHHS caseworkers in their official capacities are claims against the State of Nebraska). The Eleventh Amendment bars claims for damages that are brought in federal court by private parties against a state, a state instrumentality, or a state employee who is sued in his or her official capacity. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the

state or an override of immunity by Congress. See, e.g., Dover Elevator Co., 64 F.3d at 447; Nevels v. Hanlon, 656 F.2d 372, 377–78 (8th Cir. 1981). There is nothing in the record before the Court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, Plaintiff's claims for damages against Ebel and Kurz in their official capacities are barred by sovereign immunity.

There is an exception to sovereign immunity. "State officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief." Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). To the extent Plaintiff seeks prospective relief in this case, the *Rooker-Feldman* doctrine, discussed below, prevents the Court from granting such relief.

## B. *Rooker-Feldman* Doctrine

Plaintiff alleges Harling, Ebel, and Kurz violated her due process rights by placing her grandchildren in state custody without explanation and without giving Plaintiff the opportunity to care for the children. Though factual allegations are scant, Plaintiff's claims clearly arise out of the court-ordered removal and placement of her grandchildren, and the Court is precluded from granting the relief Plaintiff seeks by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. Mosby v. Ligon, 418 F.3d 927, 931 (8th Cir. 2005). See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury

5

caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court'" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding. *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990) (the *Rooker-Feldman* Doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief).

As Plaintiff avers that the alleged injury, removal of her grandchildren without explanation, was done pursuant to a court order, Plaintiff's claims against Defendants arising out of the court-ordered removal are barred by *Rooker-Feldman* and must be dismissed.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants in their official capacities and is subject to preservice dismissal pursuant to 28 U.S.C. § 1915(e)(2). The Court finds any amendment would be futile as

6

Plaintiff's claims for relief arise out of the removal of her grandchildren pursuant to a state court order and are barred by the *Rooker-Feldman* doctrine.

IT IS THEREFORE ORDERED that: This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 10th day of May, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge